## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERI DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-4169** |
| **FOURTH CIRCUIT COURT OF APPEAL, ET AL** | **SECTION: "R" (4)** |

## <u>ORDER</u>

Before the Court is **Plaintiff's Motion for Protective Order and to Quash Subpoenas Issued by Defendant for Plaintiff's Medical Records (R. Doc. 46)** filed by Plaintiff seeking an Order to quash subpoenas that was propounded to her medical providers. R. Doc. 46-3, p. 8. The motion is opposed. R. Doc. 47. The motion was heard by oral argument on July 13, 2016.

## I.    <u>Background</u>

Geri Davis initiated this action against the state of Louisiana, the Louisiana Fourth Circuit Court of Appeal, the court's thirteen judges, and two business managers who work for the court (collectively, "Defendants"). She alleges that the Defendants violated Title VII and section 1981 of the Civil Rights Act, the Americans with Disabilities Act, and the Louisiana Employment Discrimination Act. Davis, who is a former judicial law clerk for the Court, alleges that Defendants violated her rights by denying her the ability to work from home after she experienced pregnancy complications that required hospitalization. She alleges that the Defendants did not allow her to work from home, despite her doctor's order and only granted her limited sick leave. After her request for additional leave was denied, she alleges that she was constructively discharged from her position. R. Doc. 1, p. 11. After the District Court granted a Motion to Dismiss (R. Doc. 41), the only remaining defendants are the state of Louisiana and the Louisiana Fourth Circuit Court of Appeal. *See* R. Doc. 41, p. 10.

As to the instant motion, Davis seeks to quash subpoenas that were issued on June 8, 2016, to her medical providers which seek her medical records. R. Doc. 46, p. 1.[1] She argues that the subpoenas: (1) do not comply with Federal Rule of Civil Procedure 45(a)(4) as she did not receive notice of the subpoenas until after they were served on her medical providers; (2) the subpoenas are overly broad as they lack a temporal and subject matter limitation, and (3) the subpoenas are not HIPPA compliant as they seeks private medical information; however, she has not waived her physician-patient privilege to allow production of such records. R. Doc. 46, p. 5.

In response, Defendants argue that: (1) they correctly sent the subpoena notice to Davis's address where they sent all other communications, (2) the subpoena narrowly seeks documents from June 30, 2011, through the present date, and (3) the subpoenas are HIPPA compliant as Davis waived any privacy privilege by seeking damages for emotional and mental anguish. R. Doc. 47, p. 7.

## II.   Standard of Review

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* At 45(c)(1). A motion for a subpoena must be quashed or modified where, inter alia, the subpoena "(i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

To determine whether the subpoena presents an undue burden, court within the Fifth Circuit consider the following factors: "(1) relevance of the information requested; (2) the need of

---

[1] The medical providers are Dr. Alfred Robichaux III and Dr. Washington Bryan. The subpoenas seek "any and all medical records, correspondence, reports, clinic notes, admit sheets, histories, nurses' notes, physician notes and order, discharge summaries, operative reports, and billing and statements pertaining to [Geri Davis], SSN# xxx-xx-2583 for the period of June 30, 2011 through the present date." R. Doc. 46-3, p. 3

the party for the documents; (3) the breadth of the document request; (4) the time period covered

by the request; (5) the particularity with which the party describes the requested documents; and

(6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.,* 392 F. 3d 812, 818 (5th Cir. 2004).

Rule 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under

specified conditions if the serving party: (i) shows a substantial need for the testimony or material

that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person

will be reasonably compensated." *Id.* at 45(c)(3)(C).

III.  **Analysis**

Davis argues that the subpoenas should be quashed because of three reasons. First,

Defendants did not comply with FRCP 45(a)(4)[2] as they mailed notice of the subpoenas to an

incorrect mailing address and failed to notify her of the subpoenas until a week after they were

served. Second, the subpoenas are overbroad as they seek medical records for approximately four

years after her termination with no limitation as to subject matter. Third, Defendants are not

entitled to her medical records because she has not waived her physician-patient privilege.

In response, Defendant argues that the doctors who were served with a subpoena have

discoverable information as they were listed on Davis's Rule 26(a)(1) initial disclosures.

Defendants contend that they complied with FRCP 45(a)(4) as they sent notice of the subpoena to

the address where they sent all prior communication to Davis. Although the notice was returned

as undeliverable, they argue that they complied with FRCP 45(a)(4) by sending the notice in

advance of serving the subpoenas. R. Doc. 47, p. 3. Further, the subpoenas are not overly broad as

they seek to obtain relevant information from medical providers concerning any mental and

---

[2] Although Davis cited FRCP 45(b)(1), the actual text that she cites is FRCP 45(a)(4). *See* R. Doc. 46, p. 3. FRCP 45(a)(4) states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

emotional damages that Davis may assert in the instant case. *Id.* at 5. Moreover, Defendants argue that the subpoenas are HIPPA compliant as Davis waived her physician- patient privilege by seeking damages for emotional and mental anguish. R. Doc. 47, p. 6-7.

After listening to the position of each side, the Court examined the subpoenas and determined that they do not comply with Federal Rule of Civil Procedure 45(a)(4). This rule provides that "if the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a underline notice and a copy of the subpoena must be served on each party." Under FRCP 5(b)(2)(C), service is made by mailing it to the person's last known address – in which event service is complete upon mailing. FED. R. CIV. P. 5(B)(2)(C).

Based on the record, the address that Davis has used since she filed suit is "3632 Duplessis Street New Orleans, LA 70122." *See* R. Doc. 1, p. 15. However, the subpoena notice was sent to "3632 Duplessis Street New Orleans, LA 70112." R. Doc. 46-3, p. 3. The notice was returned as undeliverable. Thus, Defendants did not serve the subpoena notice at Davis's last known address as required by Federal Rule of Civil Procedure 45(a)(4) and 5(b)(2)(C). Additionally, Defendants did not properly serve notice before serving the subpoenas on June 8, 2016, as Davis did not receive notice until June 16, 2016. Therefore, the motion to quash the subpoenas is granted. The motion for a protective order is denied as moot.

## IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion for Protective Order and to Quash Subpoenas Issued by Defendant for Plaintiff's Medical Records (R. Doc. 46)** is **GRANTED in part** and **DENIED AS MOOT in part**.

4

**IT IS GRANTED** as to Plaintiff's motion to quash the subpoenas.

**IT IS DENIED AS MOOT** as to Plaintiff's motion for a protective order.

New Orleans, Louisiana, this <u>22nd</u> day of July 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**